IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Princepal Singh, | No. CV-26-00646-PHX-RM (ASB) |
| Petitioner, | **ORDER** |
| v. | |
| Kristi Noem, et al., | |
| Respondents. | |

On February 12, 2026, the Court granted Petitioner Princepal Singh's Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and directed Respondents to either release Petitioner or provide him a bond redetermination hearing within seven days. (Doc. 11.) Petitioner received a bond redetermination hearing on February 19, 2026. (Doc. 16; Doc. 17 at 2.) Petitioner then filed a Motion to Enforce Judgment, arguing that "Respondents have blatantly violated this Court's order requiring that they provide Petitioner with a bond hearing consistent with due process that complies with the applicable statute and regulations." (Doc. 17 at 6.)[1] Petitioner asks the Court to enforce its February 12, 2026 Order by requiring his immediate release. (*Id.* at 7.)

The Court ordered Respondents to file a Response and to provide a transcript or recording of Petitioner's February 19, 2026 bond hearing. (Doc. 19.) Respondents argue in their Response that Petitioner's Motion must be denied because the immigration judge

---

[1] Petitioner also filed a Motion to Supplement Argument Regarding Court's Jurisdiction Over Petitioner's Challenge to Bond Denial. (Doc. 18.) The Court will grant the Motion to Supplement.

weighed the evidence submitted and applied the appropriate factors in determining that Petitioner is a flight risk. (Doc. 21 at 4.)  In reply, Petitioner faults the immigration judge's flight risk finding and argues that any flight risk Petitioner poses can be ameliorated by a bond. (Doc. 22 at 3.)

An immigration judge's discretionary bond determination is typically not reviewable in federal court.  *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.").  However, the Court retains jurisdiction to review constitutional claims and questions of law, including mixed questions of law and fact, and an immigration judge's application of the standard for determining dangerousness and flight risk is a mixed question of law and fact reviewable for abuse of discretion.  *Martinez v. Clark*, 124 F.4th 775, 781-785 (9th Cir. 2024) (holding that application of the dangerousness standard is a reviewable mixed question of law and fact, and noting that the same standard applies to assessing flight risk).

The abuse-of-discretion standard of review limits the Court to evaluating whether the immigration judge "'correctly applied the statutory standard to a given set of facts.'" *Id.* at 783 (quoting *Wilkinson v. Garland*, 601 U.S. 209, 221 (2024)).  Accordingly, while the Court may consider whether the immigration judge properly considered the factors for determining dangerousness and flight risk, the Court cannot reweigh the evidence.  *Id.* at 785.  In evaluating dangerousness and flight risk, an immigration judge weighs nine factors:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*Id.* at 783 (quoting *In re Guerra*, 24 I&N Dec. 37, 40 (BIA 2006)).

The Court has reviewed the recording of the immigration judge's bond redetermination decision. In determining that Petitioner is a flight risk, the immigration judge applied the correct *Guerra* factors and expressed concerns regarding Petitioner's employment, where he planned to live in the United States, Petitioner's illegal entry into the United States, and the duration of Petitioner's residency in the United States. This Court cannot second-guess the immigration judge's weighing of the underlying evidence. *See Martinez*, 124 F.4th at 785; *see also Calmo v. Sessions*, No. C 17-07124 WHA, 2018 WL 2938628, at *4 (N.D. Cal. June 12, 2018) ("A district judge may not second-guess the immigration judge's weighing of the evidence.").

Because there is no indication that the immigration judge failed to apply the correct legal standard, and this Court may not review the immigration judge's factfinding,

**IT IS ORDERED** that Petitioner's Motion to Enforce Judgment (Doc. 17) is **denied**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Supplement (Doc. 18) is **granted**.

Dated this 20th day of April, 2026.

_____
Honorable Rosemary Márquez
United States District Judge

- 3 -